**Muhlenkamp & Bernsen**
**Attorneys at Law, LLC**

P.O. Box 220126
St. Louis, MO 63122
Cellular (314) 737-2899

January 27, 2023

Mr. George A. Norwood, AUSA
United States Attorney's Office

Re: *United States of America v. Carlos Halliburton*
    No. 4:21-cr-40048-SMY

Dear Mr. Norwood,

In accordance with Fed. R. Crim. P. 16 and 12, as well as the controlling case law concerning discovery, the Court's local rules, the ethical rules governing attorneys, 28 U.S.C. 530B, Missouri Supreme Court Rule 25.03(g), and the Order expected to be signed by the Magistrate Judge, Defendant requests pretrial disclosure of the following evidence and information:

1. Any and all written or recorded statements made by the Defendant.

2. Any and all written or recorded statements made by co-defendants and co-conspirators (named and un-named).

3. Any portion of any written record containing the substance of any relevant oral statement made by the Defendant, whether before or after arrest, in response to interrogation by any person then known to the Defendant to be a government agent.

4. The substance of any oral statement made by the Defendant before or after their arrest in response to interrogation by a then known-to-be government agent which the prosecution intends to offer in evidence at trial.

5. Recorded grand jury testimony of any Defendant relating to the offenses charged.

6. A written summary of the testimony the government intends to use at trial under Rules 702, 703 or 705, Fed. R. Evid., including a description of the witnesses' opinions, the basis and reasons therefore, and the witnesses' qualifications.

7. Description of and access to any books, papers, documents, photographs, tangible objects, vehicles, buildings or places which are material to the preparation of the Defendant's defense or which the prosecution intends to use as evidence at trial, or were used, obtained, or belonging to the Defendant.

8. The results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case, which are material to the Defendant's defense or are intended for use at trial.

9. Disclosure to the Defendant and permission to inspect and copy all information and material known to this prosecutor which may be favorable to the Defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976).

10. Disclosure to the Defendant of the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective prosecution witnesses, as well as any and all material evidence affecting the credibility of any witness whose reliability may be determinative of Defendant's guilt or innocence, within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

11. Disclosure to Defendant as to which of his co-defendants has entered into an agreement to plead guilty and who will be a cooperating witness in this case; **any discussions had between the government and any other parties pertaining to any sort of agreement to cooperate even if that agreement is not in writing, is not formal, and is anticipated not to be resolved until the conclusion of this case** (for example: any conversations between the Government and any person that pertain to even the potential to minimize that person's liability and criminal exposure at any point in time, while the case is

pending or after the case is disposed of) **even if the potential benefit to the cooperating party may be just that - potential**; the agreement that they made with the United States Attorney's office, even if said agreement is contingent upon an event, and the substance of what their testimony will be as it concerns the Defendant.

12. Provision to Defendant of the arrest and prior conviction records of Defendant, and any informant, cooperating individual, or witness who will testify for the Office of the United States Attorney at trial.

13. Provision to Defendant of notice of the nature and extent of consideration offered by the government or its agents, or sought by the government or its agents, on behalf of any informant herein in return for his or her cooperation and assistance (see paragraph 11), including:

A. The identity and existing statements of any confidential informant who may be called upon to testify in this case;

B. Any and all representations, promises or other consideration offered by the government, its cooperating agencies, or its agents to said informants concerning alleged violations of said informants of federal, state, or local laws;

C. The precise nature of any monetary consideration offered or promised to said informants including, but not limited to, a listing of funds paid to or on behalf of said informants by the government, its agents, or cooperating agencies;

D. Any and all promises of assistance offered to said informants relating to the disposition of known or potential criminal charges, state or federal, or the nature and extent of incarceration or conditions thereof;

E. Any other promises, inducement or considerations offered to said informants in exchange for their cooperation, assistance, information or testimony;

F. Any record maintained by the government showing the arrest and conviction record of the confidential informant.

14. Disclosure to Defendant as to whether they were identified in any lineup, showup, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

15. To advise the case agents and the law enforcement officers to preserve their rough notes and to indicate to the defendant the existence of those rough notes.

16. To advise the Defendant, pursuant to Fed. R. Evid. 404(b), within ten days, of the prosecutor's intention to introduce such evidence and of the permitted purpose for which the evidence will be offered and the reasoning that supports that purpose.

17. To transcribe the grand jury testimony of all witnesses who will testify for the office of the United States Attorney at the trial of this cause, preparatory to a timely motion for discovery.

18. The prosecutor shall, if requested, deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. §§822 & 823, and 21 C.F.R. §1301.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample.

19. Upon request the prosecutor shall permit the Defendant, their counsel and any experts selected by the defense to inspect any vehicle, vessel, or aircraft allegedly utilized in the commission of any offenses charged. The prosecutor shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the thing to be inspected that such inspection has been ordered by the Court.

20. The prosecutor shall provide the defendant, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by the prosecutor's expert as those of the Defendant.

21. The prosecutor shall provide the Defendant, for independent expert examination, copies of all handwriting exemplars which have been identified by the prosecutor's expert as those of the Defendant.

22. Disclose to the Defendant, for inspection, any and all things, objects, books, or records that were seized in this case in order for the Defendant to determine whether they have the standing to file a motion to suppress.

23. With regard to any hearsay statement or statement defined in Rule 801(d)(2)(C), (D), or

(E) which the government intends to introduce at trial as to the declarant of that statement: Disclose to the Defendant all information regarding the declarant's prior convictions and criminal records, any inconsistent statements made by the declarant, any information regarding bias or motive on behalf of the declarant, any information as to the opinion of others with regard to the declarant and the declarant's reputation.

24. Records of any devices used to record telephone numbers dialed from a particular phone, including pen registers, traps, and tracers; and any recordings obtained or intercepted via wiretap.

25. Copies of any still images, video, or audio or automated license plate reader scans collected, captured, or reviewed [and any vehicle allegedly driven or occupied by the Defendant or any other co-defendant or unindicted co-conspirators, or any other person, regardless of label, that was part of this investigation], or verification that such information was never viewed or collected.

26. Information, reports, memoranda, correspondence, records, or footage describing or memorializing any electronic surveillance of the Defendant, or The Defendants vehicle, in any investigation related to their arrest in this case, or verification that such information was never viewed or collected. This request includes but is not limited to the following:

A. Any data, including metadata, resulting from use of an IMSI catcher, cell site simulator, or similar cell phone monitoring or data-collection device by law enforcement officials.

B. Any GPS tracking information or other digital or electronic location-related information.

C.   Any use of the RTCC by law enforcement officials.

D.   Any privately obtained video, audio, or still footage that was also used or observed by law enforcement officials. This includes, but is not limited to, footage captured by surveillance systems, cell phones, or recording devices of any kind whether operated, owned, or maintained by a private business or entity, private citizen, or non-law enforcement government entity.

E.   Any audio or visual recordings from devices inside the police vehicle, inside the police station, or any other place in which the Defendant was detained. Any audio or visual recordings from police body cameras.

F.   Any recorded correspondence, including but not limited to, radio correspondence, between officers, dispatch, or the RTCC.

G.   Any recorded correspondence, including but not limited to, radio correspondence, between officers, dispatch, or the RTCC.

27.   Audio recording of any and all 911 or other emergency dispatch services' calls made in connection with this case.

28.   If the discovery provided is Electronically Stored Information (ESI) such as .pdf documents, word processing documents, spreadsheets, graphs, data, or data compilations, DAD/CAM files, web sites, voice-mail, e-mail, text or instant messaging, photographs, audio, video or any content in a digital form, please provide it pursuant to the following protocols:

A.   Please label each item and identify it by case number.

B.   Please provide an inventory of and index of what is stored.

C.   Please organize ESI in the form that it is used in the usual course of business with its logical unitization (e.g. a FBI 302 report, followed by its attachments and related photographs) or in a reasonably usable or accessible form. Fed. R. Civ. P. 34(a) & (b)(B)(I).

D.  If the government intends to provide discovery electronically, that currently exists in hard copy, before delivery, the hard copy should be scanned into a high-quality.pdf format (using Adobe .pdf software) with an optical character recognition (OCR) overlay (using the U.S. Attorney's Ipro software or other comparable software) with Bates Numbers.

E.  If the discovery is voluminous, please confer with counsel prior to providing ESI discovery regarding the format in which it may be provided.

I know that this list is extensive and I am sure that those items that are most important will be provided as soon as possible[1] and that we can agree on when all of the others should be provided. I would, however, request that you produce "motion Jencks"--statements of any and all witnesses you intend to call as witnesses at the motion hearing in this matter--within a reasonable time[2] before the

---

[1] In 2009, the Supreme Court recognized the authority of the ABA Model Rule of Professional Conduct 3.8(d) when it cited the rule and explained the rule contained broader ethical and statutory obligations [than the constitutional requirements of Brady] by not limiting such disclosure to material evidence by providing "('the prosecutor in a criminal case shall' 'make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal')." Cone v. Bell, 129 S.Ct. 1769, 1783 n. 15 (2009); See ABA Model Rules of Prof. Conduct 3.8(d).

[2] The Department of Justice policy is to ensure timely disclosure of exculpatory and impeachment information for the purpose of assuring fair trials. The Department of Justice agrees that due process requires that disclosure of exculpatory information be disclosed reasonably promptly after it is discovered. See USAM 9-5.001.D.1.

motion hearing in order to avoid any possible recesses and delays in that hearing, pursuant to Fed. R. Crim. P. 26.2(d).

**I expect that the response(s) to the requested disclosure will be made with the understanding that any attorney practicing in this state, even in federal court, must adhere to the ethical obligations set forth by the Illinois statutes and ethics rules and will also adhere to the Department of Justice's own policy.[3]** *(See, also, footnote 3).*

Thank you for your anticipated attention to this letter.

                              Respectfully,

                              /s/ Tory D. Bernsen
                              CJA Appointed for Defendant

---

[3] On October 21, 1998, Congress enacted the Citizens Protection Act, which was codified at 28 U.S.C. 530B. Prior to its enactment a controversy existed as to whether federal prosecutors were required to follow state ethics laws. The Citizens Protection Act resolved that dispute in the affirmative explaining: "An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State." Subsection (c) of 28 U.S.C. 530B defines "attorney for the Government" to include any Assistant United States Attorney.3 As a result of 28 U.S.C. 530B, the attorney for the Government in this matter is required to follow the ethical rules governing attorneys in Illinois.